STUART F. DELERY
Acting Assistant Attorney General
JOSEPH H. HUNT
Director, Federal Programs Branch
VINCENT M. GARVEY
Deputy Branch Director
ANTHONY J. COPPOLINO
Special Litigation Counsel
tony.coppolino@usdoj.gov
MARCIA BERMAN
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782
Fax: (202) 616-8460
*Attorneys for the Government Defendants
Sued in their Official Capacity*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In re National Security Agency Telecommunications Records Litigation* (M:06-cv-1791) <br><br> This Document Relates To: <br><br> VIRGINIA SHUBERT, *et al.*, <br><br>     Plaintiffs, <br>  v. <br><br> BARACK OBAMA, *et al.* <br><br>     Defendants. | Case No. 07-cv-00693-JSW <br><br> GOVERNMENT DEFENDANTS' NOTICE OF MOTION AND THIRD MOTION TO DISMISS AND FOR SUMMARY JUDGMENT <br><br> Date:  December 14, 2012 <br> Time:  9:00 a.m. <br> Courtroom 11, 19th Floor <br> Judge Jeffrey S. White |

Government Defendants' Notice of Motion and Third Motion to Dismiss and for Summary Judgment
*Shubert v. Obama* (07-cv-00693-JSW) (M:06-cv-1791)

# NOTICE OF MOTION

PLEASE TAKE NOTICE that, on December 14, 2012 at 9:00 a.m, before Judge Jeffrey S. White, Defendants BARACK OBAMA, President of the United States, in his official capacity; KEITH B. ALEXANDER, Director of the National Security Agency ("NSA"), in his official capacity; the UNITED STATES OF AMERICA; and ERIC HOLDER, the Attorney General, in his official capacity (hereafter the "Government Defendants") will move to dismiss the claims in the Second Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and will also seek summary judgment as to all claims against all defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.  The grounds for this motion are as follows:

1.   The Court lacks subject matter jurisdiction with respect to plaintiffs' statutory claim against the Government Defendants because Congress has not waived sovereign immunity as to this claim.

2.   Plaintiffs' claims against all defendants (including the individual capacity defendants) should be dismissed on the ground that litigation of plaintiffs' claims would risk or require the disclosure of certain information that is properly protected by statutory protections and the state secrets privilege asserted in this action by the Director of National Intelligence and by the National Security Agency.

The grounds for this motion are set forth in the accompanying (i) Memorandum of Points and Authorities in Support of the Government Defendants' Third Motion to Dismiss and for Summary Judgment and by reference in the Memorandum of Points and Authorities in Support of the Government Defendants' Motion to Dismiss and for Summary Judgment in *Jewel v. National Security Agency* (Dkt. No. 102 in 08-cv-04373-JSW); (ii) Public Declaration of James R. Clapper, Director of National Intelligence (hereafter "Public DNI Decl.") (Dkt. No. 104 in

*Jewel* and Exhibit A hereto*)*; and (iii) Public Declaration of Frances Fleisch, National Security Agency (hereafter "Public NSA Decl.") (Dkt. No. 105 in *Jewel* and Exhibit B hereto). Additional grounds for these motions are also set forth in the (iv) Classified State Secrets Privilege Declaration of James R. Clapper, Director of National Intelligence; and the (v) Classified Declaration of Frances Fleisch, National Security Agency, both previously submitted in the *Jewel* action. *See* Notices of Classified Filings (Dkt. Nos. 106, 107 in *Jewel*). These classified materials have been lodged with the court security officer and are available upon request solely for the Court's *in camera*, *ex parte* review.

September 28, 2012                                    Respectfully Submitted,

                                                STUART F. DELERY
                                                Acting Assistant Attorney General

                                                JOSEPH H. HUNT
                                                Director, Federal Programs Branch

                                                VINCENT M. GARVEY
                                                Deputy Branch Director

                                                      *s/ Anthony J. Coppolino*
                                                ANTHONY J. COPPOLINO
                                                Special Litigation Counsel
                                                tony.coppolino@usdoj.gov

                                                        *s/ Marcia Berman*
                                                MARCIA BERMAN
                                                Senior Trial Counsel
                                                marcia.berman@usdoj.gov

                                                U.S. Department of Justice
                                                Civil Division, Federal Programs Branch
                                                20 Massachusetts Avenue, NW, Rm. 6102
                                                Washington, D.C. 20001
                                                Phone: (202) 514-4782
                                                Fax: (202) 616-8460
                                                *Attorneys for the Government Defendants*
                                                *Sued in their Official Capacities*

Government Defendants' Notice of Motion and Third Motion to Dismiss and for Summary Judgment
*Shubert v. Obama* (07-cv-00693-JSW) (M:06-cv-1791)

STUART F. DELERY
Acting Assistant Attorney General
JOSEPH H. HUNT
Director, Federal Programs Branch
VINCENT M. GARVEY
Deputy Branch Director
ANTHONY J. COPPOLINO
Special Litigation Counsel
tony.coppolino@usdoj.gov
MARCIA BERMAN
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782
Fax: (202) 616-8460
*Attorneys for the Government Defendants
Sued in their Official Capacity*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In re National Security Agency Telecommunications Records Litigation* (M:06-cv-1791)<br><br>This Document Relates To:<br><br>VIRGINIA SHUBERT, *et al.*,<br>       Plaintiffs,<br>   v.<br><br>BARACK OBAMA, *et al*.<br>       Defendants. | Case No. 07-cv-00693-JSW<br><br>MEMORANDUM IN SUPPORT OF GOVERNMENT DEFENDANTS' THIRD MOTION TO DISMISS AND FOR SUMMARY JUDGMENT<br><br>Date:   December 14, 2012<br>Time:   9:00 a.m.<br>Courtroom 11, 19th Floor<br>Judge Jeffrey S. White |

Government Defendants' Notice of Motion and Third Motion to Dismiss and for Summary Judgment
*Shubert v. Obama* (07-cv-00693-JSW) (M:06-cv-1791)

TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................ 4

ARGUMENT ...................................................................................................................... 4

    I.    CONGRESS HAS NOT WAIVED SOVEREIGN IMMUNITY FOR PLAINTIFFS' CLAIM FOR DAMAGES UNDER THE FISA. ............... 4

    II.    PLAINTIFFS' REMAINING CLAIMS AGAINST THE GOVERNMENT AND DEFENDANTS SUED IN THEIR INDIVIDUAL CAPACITIES ARE BARRED BY THE STATE SECRETS PRIVILEGE, WHICH IS NOT DISPLACED BY FISA. ..................................................................... 6

CONCLUSION ................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Adam v. Norton*,
　　636 F.3d 1190 (9th Cir. 2011) ................................................................................................ 4

*Al-Haramain Islamic Foundation, Inc. v. Obama*,
　　--F.3d --, 2012 WL 3186088 (9th Cir. Aug. 7, 2012) ..................................................... 4, 5

*Dep't of the Army v. Blue Fox, Inc.*,
　　525 U.S. 255 (1999) ................................................................................................................ 4

*FAA v. Cooper*,
　　132 S. Ct. 1441 (2012) ............................................................................................................ 5

*FDIC v. Meyer*,
　　510 U.S. 471 (1994) ................................................................................................................ 4

*Mohamed v. Jeppesen Dataplan, Inc.*,
　　614 F.3d 1070 (9th Cir. 2010) ................................................................................................ 3

*Prescott v. United States*,
　　973 F.2d 696 (9th Cir. 1992) .................................................................................................. 4

*United States v. Mitchell*,
　　445 U.S. 535 (1980) ................................................................................................................ 5

**Statutes**

18 U.S.C. § 2510, et seq. ................................................................................................................ 1

18 U.S.C. § 2520 ............................................................................................................................ 4

18 U.S.C. § 2701, et seq. ................................................................................................................ 1

18 U.S.C. § 2707 ............................................................................................................................ 4

18 U.S.C. § 2712 ........................................................................................................................ 2, 5

50 U.S.C. § 1809 ............................................................................................................................ 6

50 U.S.C. § 1810 ................................................................................................................... passim

# INTRODUCTION

The factual allegations in this case are the same as those in *Jewel v. National Security Agency* (08-cv-4373-JSW), but the legal claims are narrower. Accordingly, for the convenience of the Court and to avoid unnecessary repetition, this motion relies on and incorporates in part the dispositive motion the Government recently filed in *Jewel*. *See* Dkt. No. 102 in *Jewel*. The reasons that support dismissal or summary judgment in the Government's favor in *Jewel* apply here—the Foreign Intelligence Surveillance Act ("FISA") does not authorize a claim against the Government Defendants sued in their official capacities, the state secrets privilege bars the litigation of plaintiffs' remaining claims, and the state secrets privilege is not displaced by the FISA.

Like plaintiffs in *Jewel*, the *Shubert* plaintiffs allege that, following the 9/11 attacks, then-President George W. Bush authorized the National Security Agency (NSA) to undertake indiscriminate warrantless surveillance of domestic communications in concert with major telecommunications companies, and that this "dragnet" surveillance encompassed both the collection of the content of telephone and Internet communications as well as the communication records of millions of Americans. *See* Second Amended Complaint ("SAC") at ¶¶ 1-7, 57-58, 62-91. Plaintiffs in *Shubert* raise two claims against the Government Defendants sued in their official capacities—that the alleged warrantless surveillance violates the Fourth Amendment of the United States Constitution and the FISA, 50 U.S.C. § 1810. *See* SAC (First and Fourth Causes of Action). Plaintiffs in *Shubert* also raise four claims against current and former Government officials in their personal capacities, again under the Fourth Amendment and the FISA, as well as under the Wiretap Act, 18 U.S.C. § 2510, *et seq.*; and the Stored Communications Act, 18 U.S.C. § 2701, *et seq. See id.* (First, Second, Third, and Fourth Causes

Government Defendants' Notice of Motion and Third Motion to Dismiss and for Summary Judgment
*Shubert v. Obama* (07-cv-00693-JSW) (M:06-cv-1791)

1

of Action).[1] Plaintiffs also claim the alleged warrantless surveillance authorized by the President after 9/11 remains ongoing today, and they seek prospective declaratory and injunctive relief to halt such alleged surveillance, as well as damages against the United States and certain former government officials. *See* SAC at ¶ 26.

In 2009, the Director of National Intelligence ("DNI"), supported by the NSA, asserted the state secrets privilege and related statutory protections in this action and in *Jewel* in order to protect against the disclosure of highly sensitive intelligence sources and methods, and the Government sought dismissal on that basis. However, in 2010, the district court dismissed the two cases on grounds not advanced by the Government—that plaintiffs had failed to sufficiently allege a personal injury in their complaint—and did not consider the Government's state secrets privilege assertion. *See Jewel v. National Security Agency; Shubert v. Obama,* 2010 WL 235075 (N.D. Cal. 2010). The Ninth Circuit reversed and remanded both cases in 2011 with instructions that the Court now consider, among other claims and defenses, "the government's assertion that the state secrets privilege bars this litigation." *See Jewel v. National Security Agency; Shubert v. Obama*, 673 F.3d 902, 913-14 (9th Cir. 2011).[2] Accordingly, the DNI and NSA have renewed the Government's privilege assertion and again demonstrate why the disclosure of sensitive intelligence sources and methods at issue in this case and in *Jewel* reasonably could be expected to cause exceptionally grave harm to national security and why, as a result, both actions should

---

[1] In addition to these claims, the *Jewel* complaint alleges claims under the First Amendment, the separation of powers doctrine, claims against the United States pursuant to 18 U.S.C. § 2712, and the Administrative Procedure Act.

[2] The Ninth Circuit also directed the district court to grant the *Shubert* plaintiffs leave to file an amended complaint, *see* 673 F.3d at 914, and the *Shubert* plaintiffs did so on May 8, 2012. *See* Dkt. No. 771 (M:06-cv-1791). (*Shubert* is before this Court as part of multidistrict litigation proceedings in *In re National Security Agency Telecommunications Records Litigation* (M:06-cv-1791) previously assigned to former Chief Judge Walker, and prior filings in *Shubert* also reside in the docket for MDL 1791).

Government Defendants' Notice of Motion and Third Motion to Dismiss and for Summary Judgment
*Shubert v. Obama* (07-cv-00693-JSW) (M:06-cv-1791)

be dismissed.  Pursuant to Department of Justice policy, the Attorney General has personally reviewed and approved the Government's privilege assertion in these cases.

The information over which the DNI has asserted privilege is not at the periphery of this case and *Jewel*.  The very purpose of these cases is to put at issue whether the NSA undertook certain alleged activities under presidential authorization after 9/11, and whether those activities continue today.  At every stage, from standing to the merits, highly classified and properly privileged intelligence sources and methods are at risk of disclosure.  The law is clear, however, that where litigation risks or requires the disclosure of information that reasonably could be expected to harm national security, dismissal is required.  *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1079 (9th Cir. 2010) (en banc).

To the extent plaintiffs contend that provisions of the FISA have "displaced" the state secrets privilege, as have the *Jewel* plaintiffs, such a contention is meritless.  The FISA procedures relied upon by plaintiffs are directed at a different circumstance—the use of surveillance evidence in a proceeding against an "aggrieved person"—and do not permit a person merely alleging he or she was subject to surveillance to seek discovery into whether surveillance has occurred.

Before reaching the state secrets privilege question, the Court should narrow the claims for which consideration of the privilege assertion would be necessary by dismissing plaintiffs' statutory FISA claim against the United States and official capacity defendants on the ground that the statutory cause of action at issue does not waive sovereign immunity.

Government Defendants' Notice of Motion and Third Motion to Dismiss and for Summary Judgment
*Shubert v. Obama* (07-cv-00693-JSW) (M:06-cv-1791)

3

# BACKGROUND

The Government Defendants incorporate herein the background section in our *Jewel* opening brief. *See* Dkt. No. 102 (08-cv-04373-JSW).

# ARGUMENT

## I. CONGRESS HAS NOT WAIVED SOVEREIGN IMMUNITY FOR PLAINTIFFS' CLAIM FOR DAMAGES UNDER THE FISA.

Plaintiffs' claim for damages against Government Defendants under 50 U.S.C. § 1810 (SAC ¶ 106) must be dismissed because there is no waiver of sovereign immunity for that claim.[3] "'Sovereign immunity is a limitation on the district court's subject matter jurisdiction.'" *Al-Haramain Islamic Foundation, Inc. v. Obama*, --F.3d --, 2012 WL 3186088, at * 3 n. 2 (9th Cir. Aug. 7, 2012) (quoting *Adam v. Norton*, 636 F.3d 1190, 1192 n. 2 (9th Cir. 2011)). "'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). Plaintiffs bear the burden of establishing such a waiver. *See Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992).

"'A waiver of sovereign immunity cannot be implied but must be unequivocally expressed.'" *Al-Haramain*, 2012 WL 3186088, at * 3 (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). Any ambiguity is construed in favor of immunity, and "[a]mbiguity exists if there is a plausible interpretation of the statute that would not authorize money damages

---

[3] Plaintiffs bring three distinct statutory claims, but only one of them (under FISA Section 1810) is brought against the Government Defendants sued in their official capacities. In 2009, plaintiffs clarified that they do not seek damages from Government Defendants under 18 U.S.C. § 2520 (SAC ¶ 110) or 18 U.S.C. § 2707 (SAC ¶ 114) —both of which contain express preservations of sovereign immunity, *see* 18 U.S.C. §§ 2520(a), 2707(a). Plaintiffs' Opp. to Gvt. Defs.' Second Mtn to Dismiss and for Summary Judgment at 4 (Dkt. No. 695) (M: 06-cv-1791) ("[P]laintiffs agree with the government that, unlike in the *Jewel* case, they are not asserting Wiretap Act or ECPA claims against the United States of America or defendants in their *official* capacities.") (emphasis in original). Any such claims asserted against Government Defendants in their individual capacities are barred by the Government's assertion of the state secrets privilege. Nor do plaintiffs assert any statutory claims for declaratory and injunctive relief against the Government Defendants in their official capacities, unlike the *Jewel* plaintiffs.

Government Defendants' Notice of Motion and Third Motion to Dismiss and for Summary Judgment
*Shubert v. Obama* (07-cv-00693-JSW) (M:06-cv-1791)

against the Government." *FAA v. Cooper*, 132 S. Ct. 1441, 1448 (2012). Any ambiguity in the scope of a waiver of sovereign immunity is likewise construed in favor of immunity: the scope of Congress' waiver must "'be clearly discernible from the statutory text in light of traditional interpretive tools. If it is not, then we take the interpretation most favorable to the Government.'" *Al-Haramain*, 2012 WL 3186088, at * 3 (quoting *Cooper*, 132 S. Ct. at 1448).

Plaintiffs rely solely on 50 U.S.C. § 1810 for a waiver of sovereign immunity for their FISA claim and do not seek to raise any claims against the United States or official capacity Government Defendants under 18 U.S.C. § 2712 as the *Jewel* plaintiffs do.[4] The Ninth Circuit, however, recently squarely held in *Al-Haramain* that § 1810 does not waive sovereign immunity. Hewing to the Supreme Court's command that a waiver of sovereign immunity must be explicit and may not be implied, the Ninth Circuit observed that the statutory definition of "person" did not include the United States. 2012 WL 3186088, at * 4. The court further contrasted the absence of an explicit waiver of sovereign immunity in § 1810 with the presence of one in 18 U.S.C.§ 2712, where Congress located an explicit waiver with respect to certain sections of FISA as part of the USA Patriot Act. *Id*. at * 4-5. Section 2712 provides for civil actions against the United States to recover money damages for certain willful violations of FISA, the Wiretap Act, and the Electronic Communications Privacy Act (ECPA), and sets out detailed procedures that must be followed to file a claim against the United States. The court reasoned that "[i]t would be anomalous to the point of absurdity for Congress, on one hand, to carefully and explicitly waive sovereign immunity with respect to certain FISA sections, set out detailed procedures for suits pursuant to that waiver, and then on the other, cavalierly imply a sovereign immunity waiver

---

[4] Section 1810 states: "An aggrieved person, . . . who has been subjected to an electronic surveillance or about whom information obtained by electronic surveillance of such person has been disclosed or used in violation of section 1809 of this title shall have a cause of action against any person who committed such violation . . . ."

Government Defendants' Notice of Motion and Third Motion to Dismiss and for Summary Judgment
*Shubert v. Obama* (07-cv-00693-JSW) (M:06-cv-1791)

with respect to § 1810 by rendering liable any 'person.'" *Id*. at * 6.  Finally, the court noted that the predicate for liability under § 1810 is a violation of 50 U.S.C. § 1809, which is a criminal offense.  Finding that a government employee in his official capacity (*i.e.*, the United States) could be liable under § 1810 would mean finding that a criminal prosecution could be maintained against an office, rather than an individual, under § 1809, and this would be "unprecedented."  *Id*. at * 7.

Because 50 U.S.C. § 1810 does not waive sovereign immunity, plaintiffs' FISA claim must be dismissed as to the Government Defendants.

## II. PLAINTIFFS' REMAINING CLAIMS AGAINST THE GOVERNMENT AND DEFENDANTS SUED IN THEIR INDIVIDUAL CAPACITIES ARE BARRED BY THE STATE SECRETS PRIVILEGE, WHICH IS NOT DISPLACED BY FISA.

The sole remaining claim against the Government Defendants in their official capacity arises under the Fourth Amendment.  *See* SAC (Fourth Cause of Action).   As to this claim and all claims against the individual capacity defendants, the Government incorporates herein its argument, set forth at length in its submission in the *Jewel* action, that information properly subject to protection under the state secrets privilege and related statutory privileges would be inherently at risk of disclosure or required in order to litigate this case.  The Government therefore incorporates herein sections III and IV from our opening brief in *Jewel*, see Dkt. 102 (08-cv-4373-JSW), which show that plaintiffs' claims should be dismissed pursuant to the state secrets privilege, and that FISA does not displace that privilege. [5]

---

[5]  The *Shubert* plaintiffs raised this FISA displacement argument in 2009 in opposition to the Government's prior motion to dismiss and for summary judgment.  *See* Dkt. No. 695 (M: 06-cv-1791).

Government Defendants' Notice of Motion and Third Motion to Dismiss and for Summary Judgment
*Shubert v. Obama* (07-cv-00693-JSW) (M:06-cv-1791)

## **CONCLUSION**

For the foregoing reasons, the Government Defendants' Motion to Dismiss and for Summary Judgment should be granted and plaintiffs' Second Amended Complaint should be dismissed.

September 28, 2012                                  Respectfully Submitted,

STUART F. DELERY
Acting Assistant Attorney General

JOSEPH H. HUNT
Director, Federal Programs Branch

VINCENT M. GARVEY
Deputy Branch Director

  *s/ Anthony J. Coppolino*
ANTHONY J. COPPOLINO
Special Litigation Counsel
tony.coppolino@usdoj.gov

  *s/ Marcia Berman*
MARCIA BERMAN
Senior Trial Counsel
marcia.berman@usdoj.gov

U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782
Fax: (202) 616-8460

*Attorneys for the Government Defendants
Sued in their Official Capacities*

Government Defendants' Notice of Motion and Third Motion to Dismiss and for Summary Judgment
*Shubert v. Obama* (07-cv-00693-JSW) (M:06-cv-1791)

7